IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARIO TAGRE                              :

   v.                                    :  Civil Action No. DKC 14-2467

CONTINENTAL USA KITCHENS & BATHS,        :
INC., et al.                             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case involving alleged violations of the Fair Labor Standards Act ("FLSA") and the Maryland Wage and Hour Law ("MWHL") is a motion for default judgment and for attorney's fees and costs filed by Plaintiff Mario Tagre ("Plaintiff"). (ECF No. 10). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be granted in part and denied in part.

I. **Background**

   A. **Factual Background**

Unless otherwise noted, the following facts are set forth in the complaint. (ECF No. 1). Defendant Peter Komorowski is the registered agent and owner of Defendants Continental USA Kitchens and Baths, Inc. and Continental Surfaces, LLC (collectively, "Defendants"). (*Id.* ¶¶ 3-5). Plaintiff worked as a general laborer for Defendants from approximately July 2012 through March 2014. (Id. ¶ 20). Plaintiff alleges that Mr.

Komorowski had the power to set and control Plaintiff's work schedule and rate of pay. (*Id.* ¶¶ 17-18).

Plaintiff has provided an affidavit signed under penalty of perjury stating that, from July 2012 until October 2013, he was paid a flat hourly rate of $15 per hour. (ECF No. 10-1 ¶ 9). His affidavit also asserts that for a period of twenty weeks from October 2013 until March 2014, he was paid a "hybrid" rate that utilized a combination of an hourly rate and a "piece rate." The piece rate was determined based on the quantity of work completed. (*Id.* ¶ 8). Plaintiff declares in his sworn affidavit that, when he was paid at the hybrid rate, his hourly rate was $15.66 per hour. (*Id.* ¶ 10). Plaintiff further avers that, during those twenty weeks from October 2013 to March 2014, he worked an average of forty-seven hours a week, but was not paid time and a half for his overtime hours. (*Id.* ¶¶ 11-12).

**B. Procedural History**

Plaintiff filed his complaint on August 5, 2014. (ECF No. 1). The complaint alleges minimum wage and overtime violations pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* (Count I); the MWHL, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* (Count II); and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* (Count III).[1]

---

[1] Plaintiff's pending motion for default judgment only requests judgment on the FLSA and MWHL overtime violations.

2

Service of process was properly effected on Defendants. (ECF Nos. 3; 4; 5). Defendants failed to respond within the requisite time period, and Plaintiff moved for entry of default. (ECF No. 6). The clerk entered default on October 28, 2014. (ECF No. 7). Plaintiff filed the pending motion for default judgment on the FLSA and MWHL overtime counts on May 5, 2015. (ECF No. 10). To date, Defendants have taken no action in the case.

**II. Standard of Review**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, default judgment may be entered upon the plaintiff's application pursuant to Fed.R.Civ.P. 55(b)(2). "Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 422 (D.Md. 2005). It remains, however, "for the court to determine whether these

unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F.Supp.2d 491, 494 (D.Md. 2010).

Where a complaint does not specify an amount, such as here, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2$^d$ Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2$^d$ Cir. 1981)). While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

### III. Analysis

#### A. Liability

Defendants were served with the complaint, but have not responded. Accordingly, all of Plaintiff's allegations as to liability are deemed admitted.

4

The FLSA provides that, for any hours worked in excess of forty hours per week, an employee shall "receive[] compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207. Similarly, Section 3-415 of the MWHL requires employers to pay their employees an overtime wage of at least one-and-half times their usual hourly wage for work they perform in excess of forty hours per week. Md.Code Ann., Lab. & Empl. §§ 3-415, 3-420. "The requirements of the MWHL 'mirror' those of the FLSA, and claims under both statutes therefore stand or fall together." *Orellana v. Cienna Properties, LLC*, Civ. No. JKB-11-2515, 2012 WL 203421, at *5 (D.Md. Jan. 23, 2012) (citing *Turner v. Human Genome Science, Inc.*, 292 F.Supp.2d 738, 744 (D.Md. 2003)).

Plaintiff alleges that he worked approximately forty-seven hours per week for twenty weeks from October 2013 until March 2014, but was paid his regular rate for the hours worked after forty hours each week. Plaintiff also avers that Defendants were Plaintiff's "employer" and were engaged in interstate commerce with revenues exceeding $500,000.00. (ECF No. 1 ¶¶ 7-10); *see* 29 U.S.C. §§ 203, 207. Specifically, Plaintiff asserts that, from July 2012 to March 2014, he was an employee of Defendants Continental USA Kitchens & Bath, Inc. and Continental Surfaces, LLC., (ECF No. 10-1 ¶ 2), and Defendant Peter

5

Komorowski was his supervisor and the registered agent and owner of both entities (ECF Nos. 1 ¶ 5; 10-1 ¶ 3).[2] Accepting as true the well-pled allegations, Plaintiff has established that Defendants are liable to Plaintiff under the FLSA and the MWHL.

**B. Damages**

Although Plaintiff did not request a specific sum in the complaint, Defendants were on notice of Plaintiff's allegations that for certain weeks he was not paid overtime.[3] *See, e.g., Labuda v. SEF Stainless Steel, Inc.*, Civ. Action No. RDB-11-1078, 2012 WL 1899417, at *2 (D.Md. May 23, 2012) ("[T]his Court has held that as long as the defendant receives notice that some damages may be awarded, allegations and supporting affidavits regarding damages suffice to support a default judgment for money damages."). "In cases such as the present one in which wage and pay records, required to be kept by employers pursuant to 29 U.S.C. § 211(c), are not available, [the employee] must show the amount and extent of [his] improperly compensated work

---

[2] Plaintiff has sufficiently alleged that the FLSA's broad and expansive definition of "employer," which includes "any person acting directly or indirectly in the interest of an employer in relation to an employee," covers Mr. Komorowski. 29 U.S.C. § 203(d); *see also Jones v. Williams*, No. CCB-11-0793, 2011 WL 5110380, at *3 (D.Md. Oct. 24, 2011) (discussing how an individual was an "employer" under the FLSA because he had "extensive managerial responsibilities and 'substantial control of the terms and conditions of the work of . . . employees'") (quoting *Falk v. Brennan*, 414 U.S. 190, 195 (1973)).

[3] In fact, the complaint overestimated Plaintiff's uncompensated overtime.

6

'as a matter of just and reasonable inference.'" *Lopez v. Laws 'R' Us*, Civ. No. DKC-07-2979, 2008 WL 2227353, at *3 (D.Md. May 23, 2008) (quoting *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985)). Moreover, an employee's statement under oath "as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed," and if the employer does not successfully rebut the employee's statement, "[t]he Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Id.* at *3.

Plaintiff credibly establishes his rate of pay and the number of overtime hours for which he did not receive an overtime premium, albeit by a sworn affidavit instead of live testimony.

For twenty weeks from October 2013 to March 2014, Plaintiff was paid a "hybrid rate," which was a combination of a flat hourly rate and a rate based on the quantity of work Plaintiff completed. (ECF No. 10-1 ¶ 8). For these twenty weeks, Plaintiff worked an average of forty-seven hours per week and was paid an average of $15.66 per hour for the time worked. (*Id.* ¶¶ 10-11). Plaintiff was not compensated at the mandated time and a half rate for overtime worked each of the twenty weeks. Because Plaintiff was paid his regular rate for the

7

overtime worked, he is due overtime compensation in an amount of fifty percent his regular rate ($7.83) multiplied by the total number of overtime hours worked (seven hours a week for twenty weeks, for a total of 140 overtime hours worked). Accordingly, Plaintiff is entitled to $1,096.20 in overtime wages for work performed from October 2013 through March 2014.

Plaintiff also requests liquidated damages pursuant to the FLSA.[4] (ECF No. 10, at 5-6). 29 U.S.C. § 216(b) authorizes the court to award, in addition to compensatory damages, "an additional equal amount as liquidated damages." "The Fourth Circuit has held that a grant of liquidated damages is the 'norm' in cases in which the FLSA is violated." *Williams v. Maryland Office Relocators*, 485 F.Supp.2d 616, 620 (D.Md. 2007) (citing *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997)). The court can deny or reduce liquidated damages if the defendant shows that the "act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. Here, because Defendants have not made any showing, Plaintiff is entitled to liquidated damages.

---

[4] Plaintiff notes that the MWHL allows for liquidated damages, but the right to liquidated damages under the MWHL only became effective on July 1, 2014 and would not apply retroactively to Plaintiff. Md. Code. Ann., Lab. & Empl. § 3-427 (2014). Therefore, Plaintiff can only seek liquidated damages under the FLSA.

Accordingly, Defendants are liable to Plaintiff in the total amount of $2,192.40.

**C. Attorney's Fees and Costs**

In any action under the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The payment of attorneys' fees and costs to employees who prevail on FLSA claims is mandatory. "The amount of the attorney's fees, however, is within the sound discretion of the trial court." *Burnley v. Short,* 730 F.2d 136, 141 (4th Cir. 1984). The MWHL also allows for the recovery of attorneys' fees and costs. *See* Md. Code Ann., Lab. & Empl. § 3–427 ("If a court determines that an employee is entitled to recovery in an action under this section, the court may allow against the employer reasonable counsel fees and other costs.").

Plaintiff was represented by Matthew B. Kaplan, of The Kaplan Law Firm, and Edward Gonzalez of The Law Office of Edward Gonzalez, PC. (ECF No. 10, at 6). Mr. Kaplan seeks compensation for 12.61 hours, all expended by Mr. Kaplan, who seeks $350 per hour for a total of $4,414.90. Mr. Gonzalez seeks compensation for 29.40 hours, of which 13.20 hours were expended by Mr. Gonzalez at an hourly rate of $450, and 16.20

hours were expended by Mr. Gonzalez's colleagues at hourly rates of $150 or $190 for a total of $8,390.00.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This approach is commonly known as the "lodestar" method. *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008).[5] In deciding what constitutes a "reasonable" number of hours and a "reasonable" rate, numerous factors may prove pertinent, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

---

[5] Maryland courts also use the "lodestar" method when determining attorneys' fees under fee-shifting statutes. *See, e.g.*, *Friolo v. Frankel*, 373 Md. 501, 504-05 (2003).

*Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243–44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). "[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate." *Id.* at 244 (quoting *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990)). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award," including, for example, "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Id.* at 244, 245 (internal quotation marks omitted).

Counsel has not provided evidence other than affidavits of Mr. Kaplan and Mr. Gonzalez and detailed billing sheets from their firms, but the undersigned does not deem additional evidence necessary in this case. The court has previously considered fee petitions in a number of similar cases, including a case filed by Mr. Kaplan, and found reasonable the same hourly rate Mr. Kaplan requests here. *See, e.g.*, *Guerra v. NVA Utilities*, No. DKC-13-2997, ECF Nos. 24; 26. In addition, the rates comply with the guidelines set forth in the Local Rules. Local Rules App'x B. Accordingly, the hourly rates for Mr. Kaplan and Mr. Gonzalez are deemed reasonable. Although the

court finds Mr. Kaplan's and Mr. Gonzalez's hourly rates reasonable, Plaintiff provides no affidavits or other documentation supporting the requested hourly rates for Mr. Gonzalez's colleagues. It is unclear if they are paralegals or less experienced lawyers. It is also unclear why one of the colleague's hourly rate fluctuates. Absent any support for the requested rates, work performed by Mr. Gonzalez's colleagues will be credited at an hourly rate of $95 per hour.[6]

The number of hours expended are well-documented with specificity. (ECF Nos. 10-2, at 5-6; 10-3, at 5-6). However, Plaintiff offers no explanation or justification supporting the need for multiple lawyers and paralegals from two separate law firms to work on his case, and it appears that there was some unreasonable duplication of hours expended on certain tasks. Plaintiff contends that the case presented difficult issues (such as a language barrier and the calculation of the hybrid rate), but, even with these difficulties, the number of hours requested is unreasonable. Other than the calculation of the hybrid rate, Plaintiff's case is a fairly straightforward FLSA overtime violation case. In addition, because Defendants have not made an appearance, Plaintiff has not had to react to any unexpected legal theories or tactics. Finally, both Mr. Kaplan

---

[6] The Local Rules' rate for paralegals and law clerks is $95-$150. Local Rules App'x B.

and Mr. Gonzalez request hourly rates at the high end of the guidelines in the Local Rules, and therefore are expected to handle difficult issues ably, be more efficient in their time, and exercise prudent billing judgment.

Mr. Kaplan requests compensation for 3.618 hours of work completed before the complaint was filed and Mr. Gonzalez requests 16.6, 2.7 for himself and 13.9 for his colleagues. (ECF Nos. 10-2, at 5-6; 10-3, at 5-6). The hours Mr. Kaplan and Mr. Gonzalez spent reviewing, editing, and revising the draft complaint will be reduced by half because there is no justification for the involvement of two partners in this case, particularly at the pleadings stage. The court also finds that, even with the aforementioned reduction, the requested 17.59 hours requested for work done before the filing of the complaint is unreasonable, particularly because the complaint does not include any damages calculations and Plaintiff is not seeking judgment on the complaint's minimum wage or MWPCL claims. Accordingly, the undersigned will reduce the pre-complaint hours by an additional one-quarter. The post-complaint hours requested will be further reduced in the following ways:

- Mr. Gonzalez requests compensation for 0.3 hours on December 3, 2014, which includes "review[ing] proposed dates from opposing counsel." (*Id.*). This entry is

13

clearly erroneous as Defendants have not made an appearance in this case.

- The 0.9 hours Mr. Gonzalez spent on "travel to office on snow day and wait for client" on February 21, 2015 is non-compensable time.

- On March 19, 2015, Mr. Kaplan and Mr. Gonzalez spoke with Mr. Tagre for 0.9 hours. This will be reduced by half because there is no justification for both attorneys to be present. *See* Local Rules App'x B, at 2.d.

For the foregoing reasons, $3,487.88 will be awarded for 9.965 hours worked by Mr. Kaplan, and $5,798.88 will be awarded for 22.925 hours worked by Mr. Gonzalez and his colleagues.

Plaintiff also seeks $552.90 for litigation costs. Mr. Kaplan requests reimbursement of $412.90, which consists of a $400 filing fee and $12.90 for computer research. (ECF No. 10-2, at 7). Mr. Gonzalez requests $140 for service of process fees. (ECF No. 10-3, at 7).

> [T]he Fourth Circuit has held that district courts have discretion to determine the costs that will be assessed against losing defendants in FLSA cases. *Roy v. Cnty. Of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998). . . . [C]osts charged to losing defendants may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v.*

> *McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988).
> Types of costs charged to losing defendants
> include "necessary travel, depositions and
> transcripts, computer research, postage,
> court costs, and photocopying." *Almendarez
> v. J.T.T. Enters. Corp.*, No. JKS-06-68, 2010
> WL 3385362, at *7 (D.Md. Aug. 25, 2010).

*Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 644 (D.Md. 2012). Here, the costs requested by Plaintiff are reasonable, necessary, and are detailed with sufficient specificity. (ECF Nos. 10-2, at 7; 10-3, at 7). Accordingly, Plaintiff has met his "burden of providing sufficient detail . . . to explain and support [his] requests for fees and costs," *see Andrade*, 852 F.Supp.2d at 645 (citing *Spencer v. General Elec. Co.*, 706 F.Supp. 1234, 1244 (E.D.Va. 1989)), and the requested costs will be awarded in full.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion will be granted in part and denied in part. Judgment will be entered for Plaintiff in the amount of $2,192.40. Plaintiff will also be awarded $9,286.76 in attorney's fees ($3,487.88 to The Kaplan Law Firm and $5,798.88 to The Law Office of Edward Gonzalez, PC) and $552.90 in costs ($412.90 to The Kaplan Law Firm and $140.00 to The Law Office of Edward Gonzalez, PC). A separate order will follow.

                                                                            /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge